IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

THOMAS OXLEY,
CHAD DAY, and
BRANDON SCOTTY SHULTZ,

      Plaintiffs,

v.                                                    Case No. 2:17-cv-03915

SOUTH CENTRAL REGIONAL JAIL,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

      A.      **Dismissal of Day and Shultz as plaintiffs herein.**

The instant Complaint was filed on September 1, 2017, by the proposed plaintiffs, who, at that time, were incarcerated at the South Central Regional Jail ("SCRJ") in Charleston, West Virginia.  However, the Complaint was only executed by Thomas Oxley, who is also the only prisoner who submitted an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).  Although the United States Court of Appeals for the Fourth Circuit has not explicitly prohibited prisoners from joining together as pro se plaintiffs in a single civil action brought under 42 U.S.C. § 1983, a number of other courts have determined that the Prison Litigation Reform Act ("PLRA") prohibits such joinder.  *See, e.g., Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (the PLRA

requirement of a separate filing fee for each prisoner prevents prisoners from joining claims under Rule 20 of the Federal Rules of Civil Procedure); *Griffin v. Nettles*, No. 4:18-cv-02469-RBH-TER, 2018 WL 4701293 (D.S.C. Nov. 22, 2013) (collecting cases); *Galeas v. United States*, No. 5:14-cv-3225-F, 2015 WL 1433547, at *1 (E.D.N.C. Mar. 27, 2015); *Fleming v. Francis*, No. 5:13-cv-21991, 2014 WL 2589755, at *1 n.1 (S.D.W. Va. June 10, 2014) ("The undersigned finds that multiple prisoner plaintiffs may not proceed in forma pauperis in the same civil action.") Moreover, a careful reading of the Complaint suggests that inmates Day and Shultz may have been named in the Complaint because they were witnesses to the incident giving rise to Oxley's claim concerning the broken bunk bed.

Accordingly, based upon this authority and the allegations in the Complaint, the undersigned proposes that the presiding District Judge **DISMISS WITHOUT PREJUDICE** Chad Day and Brandon Scott Shultz as plaintiffs in this matter. If either Day or Shultz intended to pursue relief on claims related to this incident, each must allege their own claim(s) in separate civil actions.

    **B.**     **Oxley's Complaint fails to state a claim upon which relief can be granted.**

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff is proceeding *in forma pauperis*, and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. In the instant case, both statutes are applicable.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79.

Oxley has named the South Central Regional Jail ("SCRJ") as the sole defendant herein. The Complaint alleges that inmate Day jumped on a top bunk, which became detached, and fell on Oxley and Shultz, injuring Oxley's lower back and left hip. Oxley seeks monetary damages for "the jail's negligence" in maintaining the bunk beds.

The SCRJ is a facility operated by the West Virginia Division of Corrections and Rehabilitation (formerly the West Virginia Regional Jail and Correctional Facility Authority), which is a state agency. Pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a state, and its agencies and officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). Thus, while a suit against the state for negligence may be maintained in a state circuit court, such a claim may not be brought in federal court.

Moreover, if Oxley intended to bring this Complaint under 42 U.S.C. § 1983, for violation of his federal constitutional rights, the SCRJ is not a "person" under section 1983, and remains immune under the Eleventh Amendment. Section 1983 of Title 42 of the United States Code provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof

4

> to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a <u>person</u> acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added]. In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that a State, including its agencies, and its officials acting in their official capacities, are not "persons" under § 1983.

The undersigned proposes that the presiding District Judge **FIND** that the SCRJ is not person who can be sued under 42 U.S.C. § 1983 and is further immune from liability for monetary damages under the Eleventh Amendment. Thus, the undersigned further proposes that the presiding District Judge **FIND** that the Complaint herein fails to state a plausible claim upon which relief can be granted in this federal court. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and **DENY** Oxley's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure,

the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiffs at their last known address.

April 5, 2019

Dwane L. Tinsley
United States Magistrate Judge